## NELSON HALL V. THE STATE.

No. 23159. Delivered June 20, 1945.

The opinion states the case.

*W. C. Wofford,* of Taylor, for appellant.

*W. W. McClain,* County Attorney, and *W. H. Nunn,* Assistant County Attorney, both of Georgetown, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Nelson Hall and Ruth L. Carpenter were jointly charged and tried, upon complaint and information charging adultery, and each was found guilty. The jury assessed a thousand dollar fine against Hall and five hundred dollars against Mrs. Carpenter. Hall's appeal is before us. It is not necessary to discuss the circumstances of the case. The evidence is sufficient to sustain the conviction.

Several questions are discussed by appellant, but only one will be considered. After the trial and in due time both the defendants filed a motion in arrest of judgment, alleging several grounds therefor. One question raised and duly brought to this court was upon the validity of the complaint. Ira Carpenter, the husband of Ruth L. Carpenter, signed the complaint against both and it is now attacked on the ground that he was not a credible person to make it—not a competent witness to testify in the case. This contention will be sustained and the conclusion is reached that the complaint is void.

The State takes the position that the husband is a credible person to file the complaint against his wife alleging adultery because her conduct is an offense committed by her against him, and relies on Morrill v. State, 5 Tex. App. 447, and Roland v. State, 9 Tex. App. 277. These cases would be authority for the State's conetention, and with apparent good reasoning, but for the fact that they were, soon after their rendition, overruled by this court. See Compton v. State, 13 Tex. App. 271; and Thomas v. State, 14 Tex. App. 70.

The overruling cases have been consistently followed and we think that we are now bound by them. In the first place the

construction given to Article 714 C.C.P., which was practically in the same language then as now, would not be consistent with other legislation dealing with the subject of marital relations. It appears that the overruling cases give a construction to the language more consistent with other legislation than do the opinions in the Morrill and Roland cases. A forceful example is found in the law by which a husband is not permitted to deny the legitimacy of a child born in wedlock. If he had the evidence that another than himself was the father of the child, it would appear that this would be as much an offense against him as would the facts ordinarily found in a case of the character now under consideration. If he should be permitted to testify to adultery relations of his wife with another this would certainly cast a shadow of doubt upon the legitimacy of the children born in wedlock. We further feel ourselves obligated to adhere to the holdings of this court in the Compton and Thomas cases because they give judicial construction to the article of the statute involved which has been several times re-enacted by the Legislature with knowledge of such construction. It is now definitely the law, regardless of any question about the language used, that neither the husband nor the wife may testify against the other on a charge of adultery. Consequently, neither would be a credible person authorized to file a complaint against the other in such a case.

Upon a hearing of their motions in arrest of judgment, the learned judge took the very cautious step of granting the motion as to the wife and, according to the record, the complaint now stands against her for trial. The complaint was wholly void because of the presence of the wife's name in it. The separation of the cases for trial at any time could not have given validity to the void complaint for the purpose of prosecuting Hall. Had the complaint been voidable only, the parties might have waived their right to attack it. The action of the court did not give the void complaint validity to sustain the conviction against the appellant.

The judgment of the trial court is reversed and the prosecution ordered dismissed.